# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **PATRICK T. GOUGER,** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-02434-KHV |
| | ) | |
| **CITIBANK NA a/k/a CITI CARDS,** | ) | |
| **EQUIFAX INFORMATION SERVICES, LLC,** | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC., & TRANS UNION, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Plaintiff Patrick Gouger filed suit against multiple defendants alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et. seq*. ("FCRA"). This matter comes before the Court on Experian and Trans Union's Joint Motion To Stay The Case Pending Arbitration (Doc. #51) filed January 15, 2020. For reasons stated below, the Court finds that a stay is appropriate.

## Factual Background

On June 25, 2019, plaintiff filed a petition in state court alleging multiple FCRA violations in connection with his credit history. Petition, attached as Exhibit A to Notice Of Removal (Doc. #1) filed July 26, 2019. Plaintiff alleges that Citibank violated 15 U.S.C. §1681s-2b when it reported inaccurate information about plaintiff's Citibank account. Id. at 6. Plaintiff alleges that the credit reporting agencies ("CRAs") violated 15 U.S.C. §1681e(b) and §1681i when they failed to use "reasonable procedures" to ensure the accuracy of Citibank's reported information and

failed to reasonably reinvestigate plaintiff's disputes.  Id. at 4-5.  On July 26, 2019, Equifax removed the case to federal court.  Notice Of Removal (Doc. #1).

On November 21, 2019, Citibank filed a motion to compel arbitration.  Defendant Citibank, N.A.'s Motion to Compel Arbitration (Doc. #43) filed November 21, 2019.  Plaintiff did not object. Notice Of Non-Objection (Doc. #47) filed December 15, 2019.[1]  To date, plaintiff and Equifax have not filed joint stipulations of dismissal.  On January 8, 2020, the Court sustained Citibank's motion to compel arbitration.  Order Sustaining Defendant Citibank, N.A.'s Motion To Compel Arbitration (Entry #50) entered on January 8, 2020.

On January 15, 2020, Experian and Trans Union (the "CRAs") filed this motion to stay litigation pending arbitration between plaintiff and Citibank.  Motion To Stay (Doc. #51); see also Memorandum In Support Of Motion To Stay The Case Pending Arbitration (Doc. #52) filed January 15, 2020.  Plaintiff opposes the motion unless the Court finds that arbitration will have preclusive effect against the CRAs.  Plaintiff's Response To Joint Motion To Stay The Case Pending Arbitration (Doc. #53) filed January 30, 2020.

**Legal Standard**

The power to stay proceedings is incidental to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  The Court has broad discretion to grant a stay "to abide the proceedings in another," even if the two proceedings involve different parties or different issues.  Id.; see also Clinton v. Jones, 520 U.S. 681, 706 (1997).  In exercising its judgment, the Court "must weigh competing interests and maintain an even balance."  Landis,

---

[1] On December 24, 2019, plaintiff notified the Court that he had reached a settlement agreement with Equifax.  Notice Of Settlement With Equifax Information Services Only (Doc. #49) filed December 24, 2019.

299 U.S. at 255.  The granting of a stay must be kept within the "bounds of moderation."  Id. at 256; see also Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d 1477, 1484 (10th Cir. 1983) (right to proceed in court should not be denied except under "most extreme circumstances").  Courts abuse their discretion if they issue a stay of infinite duration in the absence of a pressing need.  See Landis, 299 U.S. at 255.

The Court also has "discretion to stay litigation involving a non-party to an arbitration procedure."  Coors Brewing Co. v. Molson Breweries, 51 F.3d 1511, 1518 (10th Cir. 1995); see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 21 n. 23 (1983) ("it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration").  Granting such a stay is "based upon considerations of judicial efficiency."  Coors, 51 F.3d at 1518.  "Stay of the entire proceeding is appropriate when resolution of the arbitrable claim will have a preclusive effect on the nonarbitrable claim."  Moss v. Kopp, 559 F.3d 1155, 1161 (10th Cir. 2004).  This Court also considers whether a stay will "avoid confusion and inconsistent results" or "unduly prejudice the parties."  Ronning Eng'g Co. v. Adkins Energy, No. 04-2096-CM, 2006 WL 2038024, at *1-2 (D. Kan. July 18, 2006).

## Analysis

I. **Whether Issue Preclusion Supports a Stay**

Granting a stay is appropriate when the arbitrator's findings on issues and claims will have a preclusive effect on nonarbitrable claims.  See Moss, 559 F.3d at 1161 (10th Cir. 2004).  Issue preclusion, or collateral estoppel, "prevents a court from reconsidering an issue previously decided in a prior action if (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and

(4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." B-S Steel v. Texas Indus., Inc., 439 F.3d 653, 662 (10th Cir. 2006). The CRAs argue that a stay is appropriate because arbitration will resolve or shed light on threshold issues of Citibank's reporting accuracy and the extent of plaintiff's damages. See Memorandum In Support Of Motion To Stay (Doc. #52) at 2-3. Plaintiff argues that a stay is only beneficial if arbitration will have "issue preclusive effect" on the CRAs. Plaintiff's Response (Doc. #53) at 1-2. If the Court grants a stay, plaintiff urges the Court to hold that arbitration will have a preclusive effect against the CRAs. Id. at 5.

Arbitration will not bind the CRAs because the elements of issue preclusion are not met. Although the parties agree that similar issues will apply to both proceedings, the Court cannot determine whether the issues are identical under the first prong until the arbitrator decides these issues. Similarly, the second prong cannot be met until arbitration has been "finally adjudicated on the merits." The CRAs do not meet the third and fourth prongs because they are not parties in the arbitration and will not have a "full and fair opportunity" to litigate issues in arbitration. See Taylor v. Sturgell, 533 U.S. 880, 892-93 (2008). The CRAs do not qualify as parties "in privity" because their interests will not be "adequately represented by a party with the same interests" in arbitration. See Richards v. Jefferson County, Ala., 517 U.S. 793, 798-99 (1996). Accordingly, the arbitrator's findings could not have issue preclusive effect on the CRAs.

Although issue preclusion will not apply to the CRAs, it may apply to plaintiff. After arbitration is "finally adjudicated on the merits," the Court will be able to determine whether arbitration resolved issues identical to those in litigation. Unless plaintiff shows that he did not have a full and fair opportunity to litigate issues in arbitration, the third and fourth prongs will be met because plaintiff is a party in arbitration. Thus, after arbitration is complete, the CRAs could

attempt to bind plaintiff by the arbitrator's findings on identical issues. Accordingly, this factor weighs strongly in favor of a stay. See Moss, 559 F.3d at 1161.

II.     **Whether Other Factors Support a Stay**

Factors that weigh in favor of a stay are whether it will promote judicial economy or mitigate the risk of confusion and inconsistent results. See Coors, 51 F.3d at 1518; Ronning, 2006 WL 2038024, at *1. Factors that weigh against a stay are whether it will unduly prejudice the parties or create undue hardship. See Ronning, 2006 WL 2038024, at *1. The CRAs cite numerous authorities that a stay is appropriate because it will (1) allow arbitration to resolve or "shed light" on the common issues of Citibank's reporting accuracy and plaintiff's damages; (2) mitigate the risk of confusion and inconsistent outcomes; (3) reduce the parties' expense and burden of duplicative discovery and litigation; and (4) not be unduly burdensome because it is moderately limited in duration. Memorandum In Support Of Motion To Stay (Doc. #52) at 4-8. Because the CRAs will not be bound by issue preclusion, plaintiff opposes a stay because it will result in unnecessary delay without any "meaningful savings" of resources and time. Plaintiff's Response (Doc. #53) at 4-5.

    A.    **Judicial Efficiency**

A stay will promote judicial economy when the issues in arbitration and litigation significantly overlap. See Ronning, 2006 WL 2038024, at *1-2; see also AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co., 242 F.3d 777, 783 (8th Cir. 2001). In many cases, courts "may prefer to stay the balance of the case in the hope that the arbitration might help resolve, or at least shed some light on, the issues remaining in federal court." Volkswagen of Am., Inc. v. Sud's of Peoria, Inc., 474 F.3d 966, 972 (7th Cir. 2007). The CRAs argue that arbitration could shed light on common issues and reduce inefficiencies from "expensive and burdensome discovery" on

issues that would soon be decided at arbitration.  Memorandum In Support Of Motion To Stay (Doc. #52) at 4-6.  Additionally, there are overlapping issues that will be resolved in arbitration. To prevail against the CRAs, plaintiff must establish the inaccuracy of Citibank's reports to the CRAs, injury, and causation of damages – threshold issues that Citibank will address in arbitration.  See Wright v. Experian Info. Sols., Inc., 805 F. 3d 1232, 1239, 1240-42 (10th Cir. 2015) (15 U.S.C. §1681e(b) and §1681i require plaintiff to show that the credit report was inaccurate and the inaccuracy caused damages).  Thus, these overlapping issues weigh in favor of a stay.

### B. Confusion and Inconsistent Results

A stay is supported if it will reduce the risks of confusion and inconsistent outcomes.  See Ronning, 2006 WL 2038024, at *1; see also Am. Home Assur. Co. v. Vecco Concrete Const. Co., 629 F.2d 961, 964 (4th Cir. 1980).  The CRAs argue that if the proceedings continue in federal court while arbitration is pending, the risk of inconsistent outcomes on the issues of accuracy and damages will be problematic for all parties.  Memorandum In Support Of Motion To Stay (Doc. #52) at 7.  The CRAs also note that parallel proceedings risk plaintiff's recovery of duplicate damages in violation of the "one satisfaction rule."  Id. (citing Friedland v. Indus. Co., 566 F.3d 1203, 1209 (10th Cir. 2009) ("one satisfaction rule" applies when multiple defendants contribute to common damages from a single injury)).  Plaintiff agrees that parallel proceedings will "risk inconsistent results and duplicative litigation."  Plaintiff's Response (Doc. #53) at 2.  The common issues in plaintiff's claims and the overlapping conduct of the parties – who communicated with each other at various times and for various reasons – create the likelihood of inconsistency and confusion from parallel proceedings.  Additionally, depending on the timeline of the parallel

proceedings, there is a risk that plaintiff would recover duplicative damages. Accordingly, this factor weighs in favor of a stay.

**B.     Undue Prejudice**

A stay is not supported if it "would unduly prejudice the parties or create undue hardship." Ronning, 2006 WL 2038024, at *1. Stays must be kept within the "bounds of moderation" and should not have an infinite duration. Landis, 299 U.S. at 255-56. The CRAs contend that the requested stay is reasonably limited until the conclusion of arbitration. Memorandum In Support Of Motion To Stay (Doc. #52) at 7-8. Additionally, the CRAs argue that a stay will not unduly prejudice plaintiff because he will likely save litigation costs and duplicative discovery efforts required by parallel proceedings. Id. at 8. The CRAs also argue that *defendants* may be prejudiced if a stay is not granted because the CRAs will incur costs from parallel proceedings that would be unnecessary if Citibank prevails in arbitration. Id. Additionally, Citibank may be prejudiced because it will be forced to produce discovery and otherwise participate in the CRAs' litigation. Id. Thus, Citibank would lose the benefits from the arbitration agreement. Id.

Plaintiff argues that unless the CRAs are bound by issue preclusion, a stay will only result in "increased time, costs, and delay" without any corresponding benefits. Plaintiff's Response (Doc. #53) at 2, 5. However plaintiff does not state any reasons *why* a stay of this duration would result in undue prejudice or hardship; he merely states that a stay *will* result in increased delay. Plaintiff also argues that where the CRAs "are seeking to relitigate threshold issues" a stay "would force plaintiff to expend resources and time in the arbitration establishing those issues, only to have to come back to this federal case and re-litigate" them. Id. at 4-5. However, this line of reasoning weighs *in favor* of a stay. Whether or not litigation is stayed, plaintiff will participate in both arbitration and litigation. Without a stay, plaintiff will be forced to establish every common

issue in both proceedings.  However, a stay may allow the arbitrator's findings to resolve or shed light on issues in litigation, eliminating duplicative litigation efforts.  Plaintiff even acknowledges this benefit in his arguments for issue preclusion against the CRAs.  Plaintiff's Response (Doc. #53) at 2 (if arbitrator's findings receive issue-preclusive effect, a stay is warranted to avoid risk of inconsistent results and duplicative litigation).  In contrast to plaintiff's argument, a stay – even if the CRAs are not bound by issue preclusion – creates the only possibility of an aggregate reduction in litigation costs.  Accordingly, plaintiff has not established any undue burden resulting from a stay.  Because the stay is limited to the conclusion of arbitration, the stay is within the bounds of moderation.   These factors weigh in favor of a stay.

On balance, the factors support staying litigation pending arbitration.  Plaintiff has not demonstrated a clear case of hardship or inequity that outweighs competing interests of judicial economy and efficiency.   Accordingly, the Court sustains the CRAs' motion for stay.

IT IS THEREFORE ORDERED that Experian and Trans Union's Joint Motion To Stay The Case Pending Arbitration (Doc. #51) filed January 15, 2020 is SUSTAINED.

IT IS HEREBY FURTHER ORDERED that no later than 5:00 p.m. on Monday, March 23, and at 30-day intervals thereafter, the parties file a joint report on the status of arbitration between plaintiff and Citibank, N.A.

**SO ORDERED.**

Dated this 20th day of March, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge